J-A03044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                         :

               v.                               :
                                         :

ERNEST WILLIAM REYNOLDS, III     :
                                         :

           Appellant             :    No. 860 MDA 2020

Appeal from the Judgment of Sentence Entered March 20, 2020
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000043-2019

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:           **FILED APRIL 30, 2021**

    Ernest William Reynolds, III, appeals from the judgment of sentence, entered in the Court of Common Pleas of Union County, after pleading guilty to driving under the influence of a controlled substance (DUI—controlled substance),[1] unauthorized use of a motor vehicle,[2] and possession of drug paraphernalia.[3]  Counsel has filed a petition to withdraw on appeal pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  Upon review, we affirm Reynolds' judgment of sentence and grant counsel's petition to withdraw.

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] 18 Pa.C.S.A. § 3928.

[3] 35 P.S. § 780-113(a)(32).

On December 10, 2019, Reynolds proceeded to a jury trial at criminal docket number 16-2019 where he was charged with theft by unlawful taking,[4] unauthorized use of a motor vehicle, and criminal conspiracy.[5] At the time of trial, Reynolds had two other criminal cases pending against him related to two separate incidents: at docket number 42-2019, Reynolds was charged with possession of a controlled substance[6] and possession of drug paraphernalia; at docket number 43-2019, the current case on appeal, Reynolds was charged with DUI—controlled substance, driving under suspension,[7] and possession of drug paraphernalia.[8]

Partway through the trial at docket number 16-2019, during the testimony of a Commonwealth witness, Reynolds elected to enter a negotiated guilty plea in that case as well as the two other criminal cases pending against him. **See** N.T. Partial Jury Trial and Plea Hearing, 12/10/19, at 50-54. During a brief recess where the jury was excused, Reynolds, his counsel, and the district attorney discussed a potential plea agreement on Reynolds' three cases. **Id.** at 54. In order to satisfy the court that there was a factual basis for Reynolds' plea, the district attorney stated the facts underlying the charges

---

[4] 18 Pa.C.S.A. § 3903(a.1).

[5] 18 Pa.C.S.A. § 903.

[6] 35 P.S. § 780-113(a)(16).

[7] 75 Pa.C.S.A. § 1543.

[8] Following a preliminary hearing at both dockets on February 19, 2019, all charges were held for court.

of DUI—controlled substance, unauthorized use of a motor vehicle, and possession of drug paraphernalia—one count at each docket number. *Id.* at 63-65. Reynolds stated that he heard the facts and admitted he was guilty of each of these offenses. *Id.* The court conducted an oral colloquy on the record and also received a written plea colloquy form signed by Reynolds, on which he expressly wrote "I admit guilt" in response to the question, "Why do you wish to plead guilty?" *See id.* at 65-68; Guilty Plea Colloquy Form, 12/10/19, at 6. Reynolds averred that nobody had pressured, threatened, or promised him anything to induce his guilty plea. *See* N.T. Partial Jury Trial and Plea Hearing, 12/10/19, at 65-68.

At his sentencing hearing on March 20, 2020, Reynolds, through counsel, requested a continuance so that he could file a written motion to withdraw his pleas in all three of his criminal cases. *See* N.T. Sentencing, 3/20/20, at 2. Counsel indicated that, with respect to the DUI charge, Reynolds is "averring his innocence." *Id.* The sentencing court denied the request for a continuance, noting that "[no] miscarriage of justice [was] apparent from the record[.] . . . [Reynolds] negotiated this plea himself and . . . [his] rights to file a motion for leave to withdraw his plea are preserved through the vehicle of a post-sentence motion." *Id.* at 3. *See also* ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (court not required to grant presentence motion to withdraw plea based upon bare assertions of innocence; proper inquiry is whether defendant made colorable

demonstration that permitting plea withdrawal would promote fairness and justice).

That same day, pursuant to the global plea agreement, Reynolds was sentenced as follows: one to five years' imprisonment plus fines of $1,510 for DUI—controlled substance;[9] one to twenty-three months' imprisonment for unauthorized use of a motor vehicle; and twelve months of probation for possession of drug paraphernalia. These sentences were ordered to run concurrent with each other and concurrent with the sentences Reynolds is currently serving under three criminal dockets from 2014. *See* Amended Sentence, 4/3/20 (amended to correct docket numbers for criminal cases in original sentencing order). Reynolds received 229 days of credit for time served. *Id.*

Thereafter, Reynolds timely filed a post-sentence motion to withdraw his guilty plea at docket number 43-2019 only (DUI—controlled substance). Upon consideration of Reynolds' brief and the Commonwealth's response thereto, the court denied Reynolds' post-sentence motion on June 12, 2020. Reynolds timely appealed to this Court and raises the following issue for our

_____

[9] Reynolds was further ordered to forfeit his driving privileges in Pennsylvania for 18 months, install an approved interlock ignition device on each vehicle he owns for a period of one year upon the restoration of his driving privileges, and attend, successfully complete, and pay all costs and fees associated with the Alcohol Highway Safety School and a program for drug and alcohol addiction while incarcerated as directed by the Pennsylvania Board of Probation and Parole.

review: "Whether the trial court erred/abused it[]s discretion when it denied [his] request to withdraw his guilty plea?" ***Anders*** Brief, at 8.

Prior to reviewing Reynolds' claim, we must determine if counsel has complied with the procedural requirements for withdrawal. An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Specifically, counsel must:

> (1) petition the [C]ourt for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the [appellant]; and (3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the [C]ourt's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court, in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in

- 5 -

addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a motion to withdraw and an **Anders** brief. In his motion, counsel states that after a thorough and conscientious examination of the record, he has determined that the appeal is wholly frivolous. Motion to Withdraw, 11/9/20. Additionally, counsel mailed Reynolds a copy of the **Anders** brief and a letter advising Reynolds of his right to retain private counsel, represent himself on appeal, and/or raise any additional issues he believed the Court should consider.[10] **See** Letter from Attorney O'Donnell to Reynolds, 12/8/20. Finally, counsel's brief sets out one issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the appeal to be frivolous. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**. Therefore, we may review the issue raised by counsel and also conduct our independent review of the record.

It is well-settled that "[a] trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." **Commonwealth v. Elia**, 83 A.3d 254, 261 (Pa. Super. 2013). "An abuse of discretion will not be found based on a mere error of judgment,

---

[10] Reynolds has not filed a *pro se* response to counsel's **Anders** brief or retained counsel to represent him on appeal.

but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will." **Norton**, **supra** at 120.

Moreover, we note that a crucial difference exists between a presentence motion and a post-sentence motion to withdraw a plea. "Although there is no absolute right to withdraw a guilty plea, . . . it is clear that a request made **before** sentencing . . . should be liberally allowed." **Commonwealth v. Forbes**, 299 A.2d 268, 271 (Pa. 1973) (emphasis in original). Withdrawal of a guilty plea prior to sentencing should be "freely permitted" for "any fair and just reason," unless there is substantial prejudice to the Commonwealth. **Id.**; **Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa. Super. 2009). In contrast,

> [**P**]**ost-sentence motions for withdrawal are subject to higher scrutiny** since courts strive to discourage entry of guilty pleas as sentence-testing devices. **A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea.** Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

**Id.** at 129 (internal citations and quotation marks omitted) (emphasis added).

The trial court suggests that Reynolds' request for a continuance at his sentencing hearing in order to file a written motion to withdraw his pleas is *not* tantamount to an oral presentence motion to withdraw a plea.[11]  We disagree.  Pennsylvania Rule of Criminal Procedure 591 specifies that the trial court has the discretion to permit, "at any time before the imposition of sentence, . . . the withdrawal of a guilty plea."  Pa.R.Crim.P. 591.  The official comment to Rule 591(A) clarifies that "ordinarily, the motion should be filed in writing before the date of the sentencing hearing[.]  . . .  However, nothing in this rule would preclude a defendant from making an oral and on-the-record motion to withdraw a plea at the sentencing hearing prior to the imposition of sentence."  ***Id.*** cmt.  It is clear from the record that, prior to the imposition of sentence, Reynolds properly sought leave to withdraw his guilty pleas pursuant to Rule 591.  ***See id.***; ***see also*** N.T. Sentencing, 3/20/20, at 2-3.

Nevertheless, Reynolds has failed to establish that the trial court abused its discretion in denying either his presentence motion to withdraw all three pleas or his post-sentence motion to withdraw one guilty plea.  Reynolds entered a global plea agreement to resolve three outstanding criminal cases

---

[11] The trial court's reasoning is, in relevant part, as follows:  "[A]lthough defense counsel mentioned at the sentencing hearing a desire by [Reynolds] to withdraw all of his pleas, the only matter formally before the [c]ourt was an oral motion for a continuance."  Trial Court Opinion, 6/15/20, at 6.

against him after negotiating[12] with his counsel and the district attorney. Reynolds indicated orally, under oath, and in his written plea colloquy form that he was, in fact, guilty of DUI—controlled substance, unauthorized use of a motor vehicle, and possession of drug paraphernalia. Reynolds' assertions at the sentencing hearing and at present—that he is innocent of DUI—controlled substance and felt forced into entering his guilty plea due to counsel's ineffectiveness—are the antithesis of what he indicated in his written guilty plea colloquy form and affirmed orally on the record during his colloquy. **See** N.T. Partial Jury Trial and Plea Hearing, 12/10/19, at 63-68. This Court has recognized that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath[,] and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa. Super. 2007).[13]

---

[12] We have previously declared it "inappropriate" for an appellant to "attempt[] to strip the Commonwealth of the 'benefit of the bargain'" of a negotiated plea agreement absent mistake, misrepresentation, or illegality. "To hold otherwise would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence, which we have frequently deplored in the context of withdrawal of a guilty plea." **Commonwealth v. Dalberto**, 648 A.2d 16, 19 (Pa. Super. 1994).

[13] "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." **Turetsky**, **supra** at 881 (Pa. Super. 2007).

With regard to Reynolds' presentence motion to withdraw all three guilty pleas, we note that, because Reynolds failed to aver his innocence as to the charges of unauthorized use of a motor vehicle and possession of drug paraphernalia at the sentencing hearing, he has not established a "colorable demonstration" that permitting withdrawal on these pleas prior to sentencing would promote the interests of fairness and justice. **Norton**, **supra** at 120. Although Reynolds baldly asserted his innocence as to DUI—controlled substance at the sentencing hearing, the trial court is not required to grant a presentence motion to withdraw a guilty plea based upon bare assertions of innocence, especially where the Commonwealth would face substantial prejudice. **Id.**

> We agree with the trial court that:
>
> [Reynolds] cannot single out case [] 43-2019 for withdraw[al] of his plea. As noted above, the plea in that case was negotiated as a package plea for all three of [Reynolds'] cases. Indeed, **it would be** [substantially] **prejudicial to the Commonwealth** for [Reynolds,] by seeking to withdraw his plea in only one of his three pending cases[,] to be able to lock in a favorable disposition of his other two cases, which would have been unlikely but for his plea in the present case, and thereby preclude the Commonwealth from returning to a full prosecution of [his] cases.

Trial Court Opinion, 6/15/20, at 5 (emphasis added).

Accordingly, we conclude that the trial court acted within its discretion in denying Reynolds' presentence motion to withdraw his plea or pleas. Similarly, for the foregoing reasons, Reynolds has failed to establish any "manifest injustice" resulting from the trial court's denial of his post-sentence

motion to withdraw his guilty plea with regard to DUI—controlled substance only. *See Broaden*, *supra*.

In light of the above, and following our independent review of the record, we conclude that Reynolds' appeal is wholly frivolous, and we affirm his judgment of sentence. Moreover, as we agree with counsel's assessment of the appeal, and because we conclude that counsel has satisfied the procedural requirements for withdrawal on direct appeal, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2021